UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MUSE ALI MOHAMUD, ) CASE NO. C08-1833-JCC
)
    Plaintiff, )
)
    v. ) REPORT AND RECOMMENDATION
)
OFFICER AARON P. JOHNSON, et al., )
)
    Defendants. )
_____ )

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. He names Seattle Police Officers Aaron P. Johnson, Darryl M. D'Ambrosio, and Adam Thorp as defendants. Defendants now seek dismissal of plaintiff's claims. (Dkt. 22.)

Defendants first argue that plaintiff's claims against Johnson are subject to dismissal based on the fact that he was never served or waived service in this matter. (*See* Dkt. 18.) Pursuant to Federal Rule of Civil Procedure 4(m), if a defendant is not served within 120 days after the complaint is filed, the Court—on motion or on its own after notice to the

plaintiff—must dismiss the action without prejudice against that defendant. The Court twice advised plaintiff that his claims against Johnson would be subject to dismissal based on the fact that he had not been served or waived service. (Dkts. 13 & 18.) Because more than 120 days have passed since the filing of plaintiff's complaint – on January 5, 2009 – the action against Johnson must be dismissed without prejudice.

Defendants further argue that plaintiff's claims against the remaining defendants should be dismissed on summary judgment. Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994).

The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. "'[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."'" *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting M*atsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986)).

Plaintiff here avers claims pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution

or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff's claims relate to his arrest on July 24, 2008. He avers in his complaint that Johnson "kicked me in my right hip[,] then kneeded my back[,] then . . . struck me 4 times in the face and ribs[,] knocking me unconscious." (Dkt. 4 at 3.) In an affidavit, plaintiff again identifies Johnson as "the officer who assaulted me while in handcuffs." (Dkt. 14-2.) Plaintiff contends that the incident resulted in a violation of his Fourth and Fourteenth Amendment rights, constituted excessive force, that he was unlawfully arrested and falsely imprisoned, and that the police officers did not have a warrant. (Dkt. 4 at 3.)

Defendants D'Ambrosio and Thorp note that plaintiff was arrested following a 911 dispatch call reporting an assault in progress. A statement prepared by Johnson shortly after the arrest reflects that he and D'Ambrosio spoke with the 911 complainant, who advised them that he had heard "what sounded like someone being thrown into walls, being beaten down to the floor, threatened (including with a gun), and a female pleading with the perpetrators not to kill her." (Dkt. 23, Ex. E.) Johnson reported that, after listening outside the apartment unit where the disturbance was taking place and determining that a woman's life was in danger, he and D'Ambrosio entered the apartment, located a female victim who appeared to have been severely injured, and arrested plaintiff, taking him into custody "without incident." (*Id.*) Thorp attests that he arrived shortly after Johnson and D'Ambrosio entered the apartment and assisted in placing plaintiff into custody. (Dkt. 25.) D'Ambrosio and Thorp deny the use of any force or having observed any officer, including Johnson, assault, kick, strike or otherwise

use excessive force during the arrest.

Plaintiff was charged in King County Superior Court with felony harassment, assault in the second degree, kidnapping in the first degree, and unlawful imprisonment. (Dkt. 23, Ex. C.) A jury found plaintiff guilty of all of the offenses excluding felony harassment. (Id., Ex. D.) For the reasons described below, the Court agrees with defendants that plaintiff's claims should be dismissed.

First, claims that imply the invalidity of plaintiff's conviction are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489. Here, it is undisputed that plaintiff was convicted on multiple counts after his arrest and that that conviction has not been overturned. As such, plaintiff's claims of false arrest, false imprisonment, and warrantless search and seizure are barred by *Heck*.

Second, assuming plaintiff's excessive force claim would survive *Heck*, there is an absence of evidence to support such a claim. Plaintiff concedes in a declaration supporting his response to defendants' motion[1] that Thorp was not on the scene until after the alleged assault[s]. (Dkt. 27-2.) With respect to D'Ambrosio, at most, plaintiff merely asserts in that same declaration that D'Ambrosio and Johnson "did violate my constitutional rights by

---

[1] Defendants argue in a reply that plaintiff failed to respond to their motion for summary judgment and that his failure to respond should be deemed an admission that defendants' motion has merit pursuant to Local Rule CR 7(b)(2). (Dkt. 26.) However, plaintiff submitted an opposition (Dkt. 27) considered timely under the "prison mailbox rule," which deems it filed on the day plaintiff delivered it to prison authorities for mailing to the Clerk. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

assaulting me" and that D'Ambrosio failed to stop further assault by Johnson. (*Id*.) The assertion that D'Ambrosio assaulted plaintiff contradicts his earlier contentions, wherein he accused only Johnson of using excessive force. (Dkt. 4 at 3 and Dkt. 14-2.) Moreover, plaintiff points to not even a scintilla of evidence that Johnson used excessive force, undercutting the contention that D'Ambrosio failed to intervene to stop an assault. *Cf. Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[]" to defeat summary judgment). In sum, plaintiff's allegation of excessive force is no more than conclusory. Conclusory allegations in legal memoranda are not evidence, and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *See Project Release v. Prevost*, 722 F.2d 960, 969 (2nd Cir. 1983). *Accord Leer v. Murphy*, 844 F2d 628, 633 (9th Cir. 1988) ("Sweeping conclusory allegations will not suffice to prevent summary judgment.")

For the reasons outlined above, the Court recommends that plaintiff's claims against Johnson be dismissed without prejudice pursuant to Rule 4(m) and that defendants' motion for summary judgment be GRANTED and this case DISMISSED against D'Ambrosio and Thorp. A proposed order accompanies this Report and Recommendation.

DATED this 25th day of September, 2009.

Mary Alice Theiler
United States Magistrate Judge